Curia, per Johnston, Ch.
The case of Norrill vs. Corley(a) is decisive of this case : and although, if the question were now for the first time presented, that decision might not be made, the court is not prepared to overrule it. The decree must therefore be affirmed. Appeal dismissed.
Johnson and Dunkin, CC. concurred.

i

*290 The judgment in trover affords the plaintiff no remedy if the defendant has no property except that in contest, unless it is changed by the recovery of damages. Because he must have execution of the goods of the defendant, and not of his own: and if the right be not changed by the judgment it cannot be taken in execution. The judgment in trover gives no specific lien on the property. Besides, if the plaintiff recover but half the value of the property, or rather what he might consider but half the value, he has it not in his option to take the property in satisfaction, which he might do if the property were still his own. The only practical doctrine, therefore, it would appear to me, is, that the title is changed by the judgment. It is true, the plaintiff may be subject to the interfering claims of prior executions. But that is his own fault. For by bringing an action of detinue, he preserves his right to the property, and has a remedy for the recovery of it. By bringing an action of trover, the plaintiff trusts to the personal security of the defendant, in the same manner as taking a note or bond in payment of the property sold. The property is changed even though the money should never be recovered.
By the Act of 1827, the property in contest is made liable to the satisfaction of the plaintiff’s judgment in exclusion of other creditors, and, if the Legislature had not supposed the law to have been otherwise before, that Act would have been unnecessary. Indeed, the title of the Act is “An Act to alter the law in relation to the action of trover.” But that Act can only operate prospectively, and cannot therefore affect this case.
The motion must be granted;
Colcock and Johnson, JJ. concurred.

 In the case of Norrill vs.Corley, the following is the opinion of the Court of Appeals :
Nott, J. The only question which it is necessary to decide in this case is, whether the title of goods is changed by the recovery of a judgment in an action of trover, and the right thereby transferred to the defendant, or whether there must first be satisfaction of the judgment. Judge Kent, who has examined the subject with his usual research, and cited the authorities on both sides, concluded with saying: “ The latter is the more reasonable, if not the more authoritative conclusion on the question — and I think that upon the first view of the subject, the mind will always incline that way. But, upon a further examination, it appears to me that the weight of authority, as well as the most practical rule which can be adopted, will lead to a different conclusion. The authorities relied onby Judge Kent are,first, 3, dictum from Jenkins, that if one person recovers damages in trespass qgainst another for taking his chattel, “ by recovery and execution done thereon,” the property of the chattel is vested in the trespasser. I have not access to that author, and cannot therefore undertake to judge how far that observation is applicable to the question now under consideration. It is, indeed, a declaration that the property is changed by judgment and execution had thereon, but that does not necessarily authorize the inference, that it would not be changed by a judgment without execution. And in Shep *289 pard’s Touchstone, 227, title Gift, it is said: “ where one doth taire mjr goods aS' a trespasser, and I recover damages for them upon a suit at law; in this case the law doth give him the property of the goods,because hehath paid for them.” Now this is a mere loose dictum, introduced in illustration of a distinct subject having no relation to the question before us. It is a very equivocal expression at best, and leaves the question, in my opinion, precisely where it was before. The last authority relied on, is the opinion of Lord Ellenborough in the case of Drake vs. Mitchell, 3 East, 251. The substance of that case is as follows. The plaintiff declared on a covenant against three. The defendants pleaded in bar that one of the defendants had given his note for the amount, on which a judgment had been obtained. Lord Ellenborough said it was not averred that the note was accepted in satisfaction, and therefore the judgment recovered upon it was no satisfaction until it was paid. His Lordship observed that he had “ always understood the principle of transit in rem judicatam to relate only to the particular cause of action in which the judgment is recovered, operating as a change of remedy from its being of a higher nature than before. But a judgment recovered in any form of action is still but a security for the original cause of action, until it be made productive in satisfaction to the party; and therefore till then it cannot operate to change any other collateral concurrent remedy which the party may have.” But these observations can be taken only as applicable to the case then before the court, and can be consi. lered as throwing but very little light on this subject.
But on the other hand, the case of Brown vs. Wootan, Cro. Jac. 73, is a direct authority upon the point. It is there said that ‘‘judgment recovered in trover may be pleaded in bar to a second action against a different person for the same cause without averring satisfaction.” Wherefore, by all the courtj nullo contradicente, it was adjudged for the defendant. And in that case a distinction is taken between a tort and a contract,- — because in the latter, said Justice Popham, every of them is chargeable and liable to the entire debt; and therefore a recovery against one is no bar against the other until satisfaction. And Fenner, Justice, said, “in case of trespass, after judgment given, the property of the goods is changed so as he may not seize them again.” And in Adams vs. Broughton, the Court of King’s Bench decided that “the property was entirely changed by the judgment obtained in trover, and the damages recovered were the price thereof;” Andr. IS. Here there are two decisions directly on the point in issue, declaring that the property is altered by the recovery of the judgment; opposed to two or three very equivocal dicta to the contrary. The weight of authority therefore is unquestionably in favor of that position.
But it is said that the other is the more reasonable doctrine. Let us then examine the subject with a view to that question. That would seem to me to be the most reasonable doctrine which furnishes the remedy at the same time the right is determined.